# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **PHILLIP W. HECKERT,** ) | |
| ) | |
| **Plaintiff,** ) | **Case No. 3:06-00638** |
| ) | **Judge Nixon** |
| v. ) | **Magistrate Judge Bryant** |
| ) | |
| **JO ANNE B. BARNHART,** ) | |
| **Commissioner of Social Security,**[1] ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Pending before the Court is Plaintiff Phillip W. Heckert's ("Plaintiff") Motion for Judgment Based Upon the Administrative Record ("Plaintiff's Motion") (Doc. No. 17) and supporting memorandum (Doc. No. 18), to which Defendant has filed a Response ("Response") (Doc. No. 24). This case was referred to Magistrate Judge Bryant ("Magistrate Judge"), who, on January 14, 2008, issued a Report and Recommendation ("Report") that Plaintiff's Motion be denied and the decision of the Commissioner of the Social Security ("Commissioner" or "Defendant") be affirmed. (Doc. No. 25.) Plaintiff has not filed any Objections to the Report.

Plaintiff moves the Court to reverse the decision of the Commissioner, denying Plaintiff disability insurance benefits ("DIB") and supplemental security income ("SSI"), as provided under Titles II and XVI of the Social Security Act ("Act"). Plaintiff contends that the Administrative Law Judge ("ALJ") erred by failing to find Plaintiff disabled because of his severe

---

[1] Michael J. Astrue was sworn in as Commissioner of Social Security on February 12, 2007. Pursuant to Federal Rule of Civil Procedure 25(d)(1) and the last sentence of 42 U.S.C. § 405(g), Michael J. Astrue is automatically substituted as Defendant in the above-captioned case, and no further action is necessary to continue this case.

-1-

borderline intellectual functioning or mild mental retardation. (Doc. No. 9.) In the Response, Defendant requests that the Court affirm the final determination by the Commissioner that Plaintiff was not disabled within the meaning of the Act because: (1) Plaintiff has never been diagnosed as mentally retarded; (2) Plaintiff lacks the required deficits in adaptive functioning; and (3) substantial evidence indicates that Plaintiff's intelligence quotient ("I.Q.") exceeded the range set forth in the mild mental retardation listing, Listing 12.05C. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05(C). (Doc. No. 12.) In his Report, the Magistrate Judge concluded that substantial evidence supported the ALJ's conclusions, noting in particular that the lack of any record of valid formal intelligence testing to determine I.Q. was detrimental to Plaintiff's Motion and assertions of disability. (Doc. No. 25.)

After review of the record, the Court hereby **ADOPTS** the Report in its entirely. Accordingly, the Court **DENIES** Plaintiff's Motion and **AFFIRMS** the decision of the Commissioner. This Order terminates this Court's jurisdiction over the above-styled action and the case is **DISMISSED**.

It is so ORDERED.

Entered this the ___20th___ day of March, 2008.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT